THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JAMES A. KEMP, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-01108-STA-jay |
| ) | |
| TENNESSEE CHILD SUPPORT, ) | |
| ) | |
|    Defendant. ) | |

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Before the Court is the Magistrate Judge's Report and Recommendation to Dismiss Without Prejudice for Failure to Serve. (ECF No. 13.) Plaintiff has responded with a letter to the Court asking that he be given additional time to serve Defendant with process. (ECF No. 14.) For the reasons stated below, the Court **ADOPTS** the Report and Recommendation; this action is **DISMISSED** without prejudice pursuant to Fed. R. Civ. Pro. 12(b)(5).

DISCUSSION

On July 22, 2021, Plaintiff filed his Complaint pro se. (ECF No. 1.) In the Complaint, Plaintiff argues that Defendant violated his constitutional rights and that he is entitled to damages pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff believes that Defendant infringed on his rights by failing to modify Plaintiff's child support obligations, leaving Plaintiff without enough money to cover his other expenses.

Nearly a year later, on July 20, 2022, the Magistrate Judge issued a Report and Recommendation, stating that Plaintiff violated rules 4(l) and 4(m) of the Federal Rules of Civil Procedure by failing to serve Defendant within 90 days of filing the Complaint. However, as the

Magistrate Judge also noted Rule 4(m) states, "[i]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

In his letter to the Court requesting an extension of time to serve Defendant, Plaintiff attempts to establish good cause for his delay. Plaintiff maintains that he was "confined" from March 1, 2022 until April 24, 2022 due to his driver's license being suspended. Now, he has someone to help serve Defendant. Finally, Plaintiff indicates that he is poor and suggests that he borrowed money to pay the filing fee for his case.

Unfortunately, the Court finds these grounds insufficient for a good-cause extension. The Complaint was filed on July 22, 2021. According to the Federal Rules of Civil Procedure, Plaintiff was required to serve Defendant by October 20, 2021. That Plaintiff was "confined" for a period of two months beginning in March of 2022, does not account for the period between the date of his filing and the beginning of his alleged confinement. Stated differently, Plaintiff does not explain why he failed to serve Defendant for seven months after filing his Complaint. Without any excuse, seven months is too long of a delay. Plaintiff has not provided good cause for his failure to serve. Therefore, this action is **DISMISSED** without prejudice pursuant to Rule 12(b)(5).

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: August 4, 2022.